Weygandt, C. J.
A mere restatement of the simple procedural facts in this case illustrates the relatrix’s attempted misuse of the writ of prohibition.
It is conceded that the Court of Common Pleas has jurisdiction of the subject matter, namely, a divorce action together with several motions filed therein.
It is conceded, too, that the Court of Common Pleas has jurisdiction of the parties.
No attack is made on the validity of the divorce decree rendered in favor of the present relatrix who is the plaintiff in the divorce action. Based on the validity of the divorce decree, the plaintiff (relatrix) herself has invoked the continuing jurisdiction of the Court of Common Pleas by filing two motions therein. Then, while that court was in the midst of its determination of those issues raised by the plaintiff (relatrix) herself, she interrupted that procedure by going into a different court, namely, the Court of Appeals, to ask that court to rule on the admissibility of the blood test evidence. That court did so. It held the evidence inadmissible and allowed a writ prohibiting the Court of Common Pleas from ordering blood tests to aid in determining the paternity of the child.
In the syllabus in the case of State, ex rel. Winnefeld, v. Court of Common Pleas, 159 Ohio St., 225, 112 N. E. (2d), 27, this court unanimously defined the function of a writ of prohibition as follows:
“1. Prohibition is a writ to prevent a tribunal from proceeding in a matter in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law.
“2. A writ of prohibition will be awarded only where there is no other adequate remedy, and, where a court has full and complete jurisdiction of the subject matter of an action pending therein, a writ of prohibition will not be awarded to prevent an anticipated erroneous judgment.”
*78 And in the case of Scott, Admr., v. Municipal Court of Cleveland, 156 Ohio St., 179, 101 N. E. (2d), 387, this court restated the fundamental rule that the extraordinary remedy of a writ of prohibition may not be employed as a substitute for the usual process of appeal.
In the instant case the Court of Common Pleas obviously has the authority to rule on the admissibility of evidence in its effort to determine issues before it. If that court commits error in this respect, that error may be reviewed effectively in the usual orderly process of appeal. If resort could be had to the writ of prohibition in a higher court whenever there is an objection to the introduction of evidence in a trial court, the result would be confusion and interminable delay.
Perhaps it should be added that at this time this court expresses no opinion concerning the admissibility of the evidence involving blood tests in this case. That matter will be considered and decided if and when the case reaches this court in the usual orderly process of appeal. At the moment, this court holds simply that the relatrix has mistaken her remedy in attempting to employ the writ of prohibition as a means for determining the admissibility of evidence in the trial court.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for the respondents.

Judgment reversed.

Zimmerman, Herbert and Peck, JJ., concur.